UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**TODD DIERKES**, an individual; **DIERKES HEATING & AIR SIMPLE IRA PLAN;** and **DIERKES HEATING and AIR, L.L.C. d/b/a DIERKES HEATING and AIR Inc.**,<br><br>Defendants. | CIVIL ACTION<br><br>Case No.: 23-cv-02032-KMM-LIB |

## DEFAULT JUDGMENT

The Court finds that Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), Plaintiff in the above-styled action, has filed her Complaint, ECF 1, and Defendants Todd Dierkes ("Dierkes"), Dierkes Heating and Air, L.L.C. d/b/a Dierkes Heating and Air Inc. ("Dierkes Heating"), and Dierkes Heating & Air SIMPLE IRA Plan ("the Plan"),[1] have been duly served, ECF 16. The Court further finds that Defendants have failed to plead or otherwise defend within the time prescribed by law, and that default of the Defendants was duly entered by this Court on December 21, 2023. ECF 20. Plaintiff filed a motion for default judgment on June 18, 2024, ECF 22, to

---

[1] The Plan is named as a Defendant in this action pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

which Defendants filed no opposition or other response, and a hearing was held on that motion, ECF 29, at which Defendants did not appear.

Therefore, the truth of the allegations contained in the Acting Secretary's Complaint having been verified by the attached declaration of the U.S. Department of Labor, Employee Benefits Security Administration investigator, default judgment is proper against Defendants Dierkes, Dierkes Heating and the Plan in accordance with the prayer of the Complaint in the above-styled action.

It is hereby **ORDERED** that:

A.  Defendants Dierkes Heating and Dierkes are jointly and severally liable to the Plan in the amount of $9,259.14 for losses related to the unremitted and untimely remitted employee contributions and lost opportunity costs;

B.  The Plan is amended to permit the set off of $9,259.14 of Defendant Dierkes' individual account in the Plan to restore the losses incurred by the Plan resulting from Defendants' fiduciary breaches, as identified by Paragraph A above, as authorized by §1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, §1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4));

C.  Within thirty (30) days of the entry of this Default Judgment, PFS Investments Inc., the Plan's Custodian, in accordance with the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), shall cause the Plan to set off $9,259.14[2] from

---

[2] On the date the set off is to occur, if the amount in Defendant Dierkes' individual account is less than this amount, the set off will be for the total balance in his account and PFS Investments Inc. shall allocate each participant's losses pro rata using the percentage provided for each participant in Exhibit B.

Defendant Dierkes' individual account in the Plan and allocate those proceeds to the accounts of the affected participants and beneficiaries of the Plan in accordance with Exhibit B;

D. Defendants Dierkes Heating and Dierkes are permanently enjoined from violating the provisions of Title I of ERISA;

E. Defendants Dierkes Heating and Dierkes are permanently enjoined from serving or acting as fiduciaries to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plan;

F. Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor;

G. The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Default Judgment; and

H. Such further relief as is appropriate and just.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 12, 2024      *s/ Katherine M. Menendez*
                              Katherine M. Menendez
                              United States District Judge